IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ENERGY INNOVATION COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:18-CV-03919-TCB |
| NCR CORPORATION, | ) ) | |
| Defendant. | ) | |

**DEFENDANT NCR CORPORATION'S STATEMENT OF MATERIAL
FACTS NOT IN DISPUTE IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, Defendant NCR Corporation

("NCR") sets forth the following statement of material facts to which NCR

contends there is no genuine issue to be tried:

1. The named inventors of the patent asserted by Plaintiff Energy

Innovation Company, LLC ("EIC") in this lawsuit, U.S. Patent No. 6,119,933 ("the

'933 patent"), Earl Chang Wong and Gordon M. Miles, assigned their interest in

the patent to Copient Technologies, LLC on September 29, 2001.  (Decl. of

Caroline Wray dated October 22, 2018 ("Wray Decl."), Ex. 1 ("2001 Patent

Assignment Agreement")).

2.      Copient granted Mr. Wong and Mr. Miles an ongoing royalty in exchange for title to the patent.  (Dkt. 20, Ex. B ("2003 Assignment Patent Assignment Agreement") ¶ 2).

3.      In March 2003, NCR agreed to purchase all assets of Copient.  (Wray Decl. Ex. 2, Asset Purchase Agreement Between Copient and NCR ("APA") p. 2, ¶ 1).

4.      Prior to the closing of the asset purchase agreement between NCR and Copient, Copient and the named inventors of the '933 patent, Earl Wong and Gordon Miles, executed a written agreement ("the 2003 Patent Assignment Agreement") by which Copient assigned "all right, title, and interest" in the '933 patent back to the named inventors.  (Dkt. 20, Ex. B, 2003 Patent Assignment Agreement ¶ 4).

5.      The 2003 Patent Assignment Agreement also provided that Copient paid the named inventors $250,000, as well as all royalties payable to the inventors under the 2001 Patent Assignment Agreement as of the date of payment.  (*Id.* ¶¶ 2-3).

6.      In exchange, the named inventors acknowledged that they would not be entitled to any further royalties under the 2001 Patent Assignment Agreement

and made the following covenant not to sue (hereinafter, "the Covenant Not to Sue"):

> Assignees [Earl Wong and Gordon Miles] jointly and severally, and on behalf of all heirs, devisees, executors, personal representatives, administrators, successors, assigns, licensees, and legal representatives, hereby covenant and agree not to initiate, maintain, authorize, or participate in any suit, claim, counterclaim, or action, whether in law or equity, against Assignor [Copient] or its successors, assigns, and legal representatives, for any cause of action or liability arising from or related to or based in whole or in part on: (a) any alleged infringement of the Patent or any claim thereof; and/or (b) any alleged infringement of Assignee's intellectual property rights in and to the Patent and the Invention: This Covenant shall be limited to the technology developed by Assignor, referred to as "Yellow Box" and its administration software "Logix" heretofore developed by the Assignor and any future modifications thereof.

(*Id.* ¶ 7).

7.    The 2003 Patent Assignment Agreement further provided that "[t]he parties expressly acknowledge that Agreement shall be contingent in all respects upon Assignor closing an asset purchase transaction (the 'Transaction') with NCR Corporation, whereby NCR Corporation acquires substantially all of the assets of Assignor, on or before May 1, 2003." (*Id.* ¶ 1).

8.    The 2003 Patent Assignment Agreement further provided that "Assignor [Copient] may assign all of its rights and benefits hereunder to a

3

successor in interest to all or substantially all of the assets of Assignor without obtaining the consent of the Assignees [Earl Wong and Gordon Miles]." (*Id.* ¶ 18).

9.      The 2003 Patent Assignment Agreement further stated that "[e]xcept as otherwise specifically provided herein, the covenants and agreements contained herein will be binding upon and inure to the benefit of the heirs, devisees, executors, personal representatives, administrators, successors and assigns of the respective parties hereto."  (*Id.* ¶ 19).

10.     The 2003 Patent Assignment Agreement included an integration clause, which stated that "[t]his Agreement, including all Exhibits hereto, constitutes the entire agreement between the parties regarding its subject matter" and that any modification "will be effective only if it is in writing and signed by the parties."  (*Id.*).

11.     The 2003 Patent Assignment Agreement provides that the agreement "shall be governed by and construed in accordance with the laws of the State of Indiana, excluding all conflict of law provisions thereof."  (*Id.* ¶ 12).

12.     On March 26, 2003, NCR and Copient executed an Asset Purchase Agreement in which Copient agreed to "sell, assign, transfer, convey, and deliver" all of its "property and assets, real or personal, tangible or intangible, relating to, reasonably necessary in, used to support and/or useful in connection with

[Copient's interactive direct marketing] Business," except for a limited number of specifically enumerated excluded assets.  (Wray Decl., Ex. 2, APA at p. 1, ¶ 1).

13.    The agreement specifically provided that Copient transferred its rights under the 2003 Patent Assignment Agreement to NCR.  (*Id.* ¶ 1(F)); Wray Decl., Ex. 3, Disclosure Schedule to APA § 1(F)(13)).

14.    On February 2, 2018, Earl Wong and Gordon Miles assigned the '933 patent to EIC.  (Dkt. 20, Ex. A).

15.    EIC is a holding company whose only asset is the '933 patent.  (Dkt. 20, Counterclaim ¶¶ 39, 40; Dkt. 25 ¶¶ 39, 40).

16.    Earl Wong, one of the named inventors of the '933 patent, is the sole officer of EIC.  (Dkt. 20, Counterclaim ¶ 40; Dkt. 25 ¶ 40).

17.    On March 5, 2018, EIC filed this action in the U.S. District Court for the Southern District of California, alleging that NCR infringes the '933 patent by making, using, offering for sale, selling and/or importing into the United States "Defendant's 'Copient Solution' functionality (previously licensed under the '933 patent)."  (Dkt. 1 ¶ 10).

18.    The Accused "Copient Solution functionality" is the same product that is covered by the 2003 Patent Assignment Agreement's Covenant Not to Sue. (Dkt. 20, Counterclaim ¶ 33; Dkt. 25 ¶ 33).

19.     EIC admits that Mr. Wong knew about the 2003 Patent Assignment

Agreement and that the agreement "precludes" this action.  (Dkt. 25 ¶¶ 41-42).

20.     Mr. Wong authorized EIC to initiate and maintain this lawsuit despite

admitting that the agreement "precludes" it.  (Dkt. 25 ¶ 42).

Respectfully submitted, this 22nd day of October, 2018.


/s/ *Rachel F. Gage*
Jeremy U. Littlefield
Georgia Bar No. 547982
Rachel Gage
Georgia Bar No. 141539
Robbins Ross Alloy Belinfante
 Littlefield LLC
999 Peachtree Street NE, Suite 1120
Atlanta, GA  30309-3996
Telephone:  678-701-9381
Facsimile:  404-856-3250
jlittlefield@robbinsfirm.com
rgage@robbinsfirm.com

Matias Ferrario (admitted pro hac)
Caroline K. Wray (admitted pro hac)
KILPATRICK TOWNSEND &
STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101
Telephone:  336-607-7300
Facsimile:  336-607-7500
mferrario@kilpatricktownsend.com
cwray@kilpatricktownsend.com

Counsel for Defendant NCR Corporation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 22, 2018, I electronically filed the foregoing

DEFENDANT NCR CORPORATION'S STATEMENT OF MATERIAL FACTS

NOT IN DISPUTE IN SUPPORT OF ITS MOTION FOR SUMMARY

JUDGMENT with the Clerk of Court using the Court's CM/ECF system, which

will send notification of such filing to all counsel of record.

/s/ *Rachel F. Gage*
Rachel F. Gage

*Attorney for NCR Corporation*