IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ENERGY INNOVATION COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:18-CV-03919-SDG ) |
| NCR CORPORATION, | ) ) |
| Defendant. | ) |

## NCR CORPORATION'S MOTION FOR ATTORNEY'S FEES AND COSTS

Pursuant to the Court's Order (Dkt. 65) granting its Motion for Summary Judgment and Award of Fees, Counterclaim Plaintiff NCR Corporation ("NCR") hereby submits this motion identifying its reasonable attorney's fees and litigation costs. NCR also submits the supporting Declaration of lead counsel Matias Ferrario ("Ferrario Decl."), filed concurrently herewith, detailing NCR's attorney's fees and costs incurred in defending this lawsuit since its inception and accompanying evidentiary support. *See* Exs. 1-21.

NCR respectfully requests that the Court grant NCR its reasonable attorney's fees in the amount set forth in Mr. Ferrario's declaration.

**I.      LEGAL STANDARD**

The Federal Circuit uses the lodestar method to calculate the proper amount of attorney's fees to be awarded under 35 U.S.C. § 285.  Under the lodestar method, the court multiples "a reasonable hourly rate by the reasonable number of hours required to litigate a comparable case." *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016).  And, "[t]he issue concerning the amount to be awarded . . . . lies within the sound discretion of [the] Court." *IrisConnex, LLC v. Dell, Inc.*, 235 F. Supp 3d. 826, 843 (E.D. Tex. 2017) (citing *Lumen*, 811 F.3d 479, 483 (Fed. Cir. 2016); *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359, 1365 (Fed. Cir. 2013)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("We reemphasize that the district court has discretion in determining the amount of a fee award.").

The Eleventh Circuit also relies on the lodestar method and has held that "[t]he product of these two figures [reasonable hourly rate x reasonable number of hours] is the lodestar and there is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." *Bivens v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citation omitted) (per curiam).  Moreover, the Eleventh Circuit provides twelve factors that may also be considered to determine what constitutes a reasonable rate and amount of hours:

(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the

preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Shipley v. Hypercom Corp.*, No. 1:09-CV-0265-RGV, 2012 WL 12871631, at * 4 (N.D. Ga. May 31, 2012) (citing *Bivens*, 548 F.3d at 1350).

## II. NCR'S REQUESTED FEES ARE REASONABLE

Both the rates charged by NCR's outside counsel, Kilpatrick Townsend & Stockton LLP ("Kilpatrick Townsend") and local counsel, Robbins Ross Alloy Belinfante Littlefield LLC ("Robbins Firm"), in this litigation and the hours expended on NCR's behalf are reasonable and necessary. A rate is considered reasonable when it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *SUFI Network Servs., Inc. v. United States*, 785 F.3d 585, 594 (Fed. Cir. 2015) (citation omitted). In fact, "what [the attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand.'" *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (citation omitted).

Kilpatrick Townsend's rates are reasonable in light of this case's specialized nature. The attorneys who handled NCR's defense collectively have decades of experience in litigation and patent litigation, and several have specialized technical

3

backgrounds particularly suited for handling this matter.  *See* Ferrario Decl. ¶¶ 10-17, Exs. 13-17.  These rates are consistent with the rates it has charged NCR, a firm client of over 10 years, in other matters and with those charged to other firm clients.  *Id.* at ¶ 9.  Moreover, as shown in Mr. Ferrario's declaration, the rates charged are in line with rates regularly charged by intellectual property attorneys in San Diego, California (where the case was originally filed) and in Atlanta, Georgia.  *Id.* at ¶¶ 18-20, Exs. 18-20.  Furthermore, the Robbins Firm's rates are also reasonable for the region and reflect the valuable local insight provided and a longstanding relationship with NCR.  *See* Declaration of Rachel Gage ¶ 3.

NCR submits with its notice adequately documented time records sufficient to demonstrate the reasonable number of hours expended in this case since its inception. Ferrario Decl. ¶ 22, Exs. 1-12.  These records detail the amount of time spent by each of NCR's attorneys and the lead paralegals on this case and the tasks each performed.  *Id.*  In preparing invoices submitted herewith, Kilpatrick Townsend exercised billing judgment by removing or adjusting time entries that appeared excessive, purely administrative, or duplicative.  *See, e.g.*, *id.* ¶ 7, Ex. 5. In addition, NCR has subtracted the attorney's fees incurred bringing NCR's Motion to Join Earl Wong and Motion for Leave to Amend its Pleadings (Dkt. 44) because it was unsuccessful.  *Id.* ¶ 7, Ex. 6.  Such reductions are further evidence of the reasonableness of NCR's request.  Overall, the number of hours spent by

Kilpatrick Townsend on behalf of NCR was warranted and necessary given, *inter alia*, (1) EIC's multiple refusals to dismiss this frivolous lawsuit, (2) EIC's failure to file this case in the proper jurisdiction, and (3) EIC's bad faith motive in filing and maintaining this lawsuit.

Kilpatrick Townsend is a reputable firm in Atlanta, Georgia and successfully defended NCR against this meritless litigation. *Id.* ¶ 21, Ex. 21.  NCR's attorneys spent a reasonable amount of time, at reasonable rates, in a complex litigation under a customary fee arrangement with a longstanding client.  Under both Eleventh Circuit and Federal Circuit law the fees sought here are reasonable.

Lastly, the Federal Circuit holds that a prevailing party may recover attorney's fees for time sought seeking a fee award. *See e.g.*, *Cent. Soya Co. v. Geo A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) ("We interpret attorney fees to include those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit.").  NCR reserves the right to supplement its request for attorney's fees and costs incurred preparing this briefing.

## III.  CONCLUSION

For the foregoing reasons, NCR respectfully requests that the Court award it its reasonable attorney's fees detailed in Mr. Ferrario's declaration.  A proposed final judgment order granting the relief requested herein attached.

Respectfully submitted, this 3rd day of April, 2020.

/s/ *Rachel Gage*
Jeremy U. Littlefield
Georgia Bar No. 547982
Rachel Gage
Georgia Bar No. 141539
Robbins Ross Alloy Belinfante
 Littlefield LLC
500 14th Street, N.W.
Atlanta, GA  30318
Telephone:  678-701-9381
Facsimile:  404-856-3250
jlittlefield@robbinsfirm.com
rgage@robbinsfirm.com

Matias Ferrario (admitted pro hac)
KILPATRICK TOWNSEND &
STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101
Telephone:  336-607-7300
Facsimile:  336-607-7500
mferrario@kilpatricktownsend.com

>Taylor Pfingst (admitted pro hac)
>Kilpatrick Townsend & Stockton LLP
>Two Embarcadero Center, Suite 1900
>San Francisco, CA  94111
>Telephone:  415-273-4304
>Facsimile:  415-576-0300
>tpfingst@kilpatricktownsend.com
>
>*Counsel for Defendant NCR Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2020, I electronically filed the foregoing NCR CORPORATION'S MOTION FOR ATTORNEY'S FEES with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Rachel Gage*
Rachel Gage

*Attorney for NCR Corporation*