IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ENERGY INNOVATION COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:18-CV-03919-SDG ) |
| NCR CORPORATION, | ) ) |
| Defendant. | ) |

## NCR CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ASSIGNMENT OF PLAINTIFF'S OWNERSHIP OF PATENT

Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure, Defendant NCR Corporation ("NCR") submits this memorandum of law in support of its motion to execute judgment against Plaintiff Energy Innovation Company, LLC ("EIC") petitioning this Court to order that Plaintiff deliver to Defendant ownership of U.S. Patent No. 6,119,933 ("'933 Patent") in satisfaction of Defendant's judgment.  Should Plaintiff refuse to deliver its ownership interest in the Patent, Defendant requests that this Court directly assign to Defendant the Plaintiff's ownership interest in the Patent.

## I.    STATEMENT OF FACTS

On November 29, 2018, this Court granted NCR's Motion for Summary Judgment on EIC's patent infringement claim finding that EIC was barred from maintaining its infringement claim against NCR. ECF 41.

On April 19, 2019, NCR moved for summary judgment on four grounds: (1) breach of contract; (2) that the case was exceptional under 35 U.S.C. § 285; (3) sanctions against EIC's counsel pursuant to 28 U.S.C. § 1927; and (4) an order finding Mr. Wong personally liable.  ECF 50.  The basis for NCR's request to find Mr. Wong personally liable stemmed from NCR's stated concern that EIC was a mere shell company with insufficient assets to satisfy any judgment against it. ECF 50-1 at 10-11 and 15-18; ECF 46 at 3-6.  Accordingly, NCR was concerned that EIC would attempt to "run[] afoul of Section 285 and set[] a dangerous precedent that allows an individual to bring a meritless lawsuit, hide behind a penniless shell company, and offer[] no remedy to the wrongfully accused party." ECF 50-1 at 18.

On March 20, 2020, the Court granted NCR's Motion for Summary Judgment finding that Plaintiff EIC breached its contract not to sue NCR and

further found the case exceptional pursuant to 35 U.S.C. § 285, but denied NCR's request to sanction EIC's attorneys or find Mr. Wong personally liable. ECF 65.

Based on the Court's Summary Judgment Order, Plaintiffs moved for an award of attorneys fees and costs (ECF 67), which this Court granted on June 11, 2020. ECF 71.

By July 26, 2020, Plaintiff had failed to make the payment due and further failed to file anything with the Court until the Court ordered EIC to show cause why it had not done so.  See ECF 77.

On August 24, 2020, Plaintiff filed a response to the Court's Order to Show Cause stating that EIC did not have the ability to pay the outstanding Judgment. ECF 78.

On September 1, 2020, Defendant NCR attempted to discuss with EIC how EIC planned to satisfy its judgment, including the liquidation or transfer of EIC assets to satisfy the judgment.  (*See* Exhibit 1 hereto.)

On September 3, 2020, counsel for EIC informed NCR that they did not represent EIC any longer. Id.

## II.     LEGAL STANDARD

Federal Rules of Civil Procedure 69(a) provides that a district court has the authority to enforce a money judgment by writ of execution so long as it is in accordance with the procedure of the state where the court is located.

In Georgia, a court may compel the assignment of a patent to satisfy a judgment.  *Wilson v. 72 Riverside Inv.'s, LLC*, 277 Ga. App. 312, 313, 626 S.E.2d 521, 523 (2006).  Federal District Courts in Georgia, relying on *Wilson*, have ordered patent owners to execute assignments to transfer ownership of patent and patent applications in satisfaction of judgments.  *Lee v. Jung*, 2014 WL 3810585 at * 1 (M.D. Ga. August 1, 2014) (denying reconsideration of order compelling patent owner to assign patent in partial satisfaction of judgment); *see also Lee v. Jung*, Civil Action No. 5:12-CV-293 (MTT), ECF 21 (M.D. Ga. January 15, 2015) (ordering post judgment discovery and briefing to ascertain value of patent).

Moreover, courts have the authority to direct a judicially-appointed officer, such as the Clerk of Court, to execute an assignment of a debtor's patent interest to a judgment-creditor.  *See Ager v. Murray*, 105 U.S. 126, 132 (1881) (noting that court would appoint trustee to execute assignment); *Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc*., No. C 03-4792, 2007 WL 2701318, at *1 (N.D. Cal. Sept. 13, 2007) (directly assigning title in the debtor's patents to creditor).

## III.    ARGUMENT

Since the inception of this lawsuit, NCR was concerned that EIC, a non-practicing entity, would subject NCR to unnecessary litigation costs on a meritless claim.  Fearing EIC's undercapitalized status, NCR attempted to join Wong individually, or alternatively, have him appear before this Court under the inherent powers of the Court.  ECF 50-1. After 20 months of litigation, NCR's fear was confirmed when EIC informed NCR and this Court that it was essentially a defunct holding company with less than $1,000 in its bank account, "other assets [] worth no more than $15,000", and no ability to pay the judgment this Court entered against it.  ECF 78 and ECF 78-1 at ¶ 4.

In an effort to recoup the thousands of dollars that this two plus year litigation has cost NCR, NCR seeks an order from the Court compelling EIC to execute an assignment of the '933 patent to NCR in full satisfaction of the judgment. As EIC admits, all of its other assets, including the '933 patent, are worth less than $15,000.  But EIC does in fact have at least the '933 patent, which can be transferred to NCR to satisfy its debt.  NCR agrees to accept the '933 patent as full satisfaction of the judgment to avoid any unnecessary disputes about valuation.[1]

---

[1] Mr. Wong himself characterized all other assets of EIC as being worth "less than $15,000".  ECF 78-1 at ¶4.

Finally, EIC's counsel's attempt to thwart collection efforts is improper. L.R. 83.1(E); *see* Ex. 1 (EIC counsel stating "neither Dan nor I represent EIC on any post-judgment proceedings…").  NCR objects to any attempt by EIC's counsel to withdraw from this case unless and until all relevant rules have been followed.

Accordingly, NCR respectfully requests that the Court order EIC to execute the assignment transferring all right and title to the '933 patent, and if it fails to do so, to direct a judicially-appointed officer, such as the Clerk of the Court, to execute an assignment of Plaintiff's patent interest to NCR pursuant to the authority identified above.

## IV. CONCLUSION

For the foregoing reasons, NCR respectfully requests that the Court order EIC to assign to NCR all right, title, and interest in and to the '933 Patent, or should EIC refuse such assignment, that the Court appoint a trustee to directly assign to NCR all right, title, and interest in and to the '933 Patent.

Respectfully submitted, this 9th day of September, 2020.

/s/ *Rachel Gage*
Jeremy U. Littlefield
Georgia Bar No. 547982
Rachel Gage
Georgia Bar No. 141539
Robbins Ross Alloy Belinfante

Littlefield LLC
500 14th St. NW
Atlanta, GA  30318
Telephone:  678-701-9381
Facsimile:  404-856-3250
jlittlefield@robbinsfirm.com
rgage@robbinsfirm.com

Matias Ferrario (admitted pro hac)
KILPATRICK TOWNSEND &
STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC  27101
Telephone:  336-607-7300
Facsimile:  336-607-7500
mferrario@kilpatricktownsend.com

Taylor Pfingst (admitted pro hac)
Kilpatrick Townsend & Stockton LLP
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:  415-273-4304
Facsimile:  415-576-0300
tpfingst@kilpatricktownsend.com

*Counsel for Defendant NCR Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2020, I electronically filed the foregoing NCR CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ASSIGNMENT OF PLAINTIFF'S OWNERSHIP OF PATENT with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Rachel Gage*
Rachel Gage

*Attorney for NCR Corporation*